UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERENCE WADE BANKS,

                Plaintiff,

           -against-

JAMES DILLION,

                Defendant.

1:21-CV-1302 (JGK)

ORDER OF DISMISSAL

JOHN G. KOELTL, United States District Judge:

      Plaintiff, currently incarcerated in the Sing Sing Correctional Facility, brings this *pro se* action under "banking law." (ECF 2, at 2.) He sues James Dillion ("Dimon"), the Chief Executive Officer of JP Morgan Chase & Co. ("Chase"),[1] seeking $100,000 in damages. By order dated March 15, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2] For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*,

---

[1] James Dimon is the current Chairman of the Board and Chief Executive Officer of JP Morgan Chase & Co. *See* https://www.jpmorganchase.com/about/our-leadership/jamie-dimon.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

1

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges the following in his complaint: On October 2, 2019, a Social Security check in the amount of $750 was deposited into Plaintiff's Chase checking account. The next day, Plaintiff telephoned a Chase branch office in New York, New York, and asked for the balance of his checking account. A Chase representative informed him that his checking account balance was zero. Plaintiff explained that a Social Security check had been deposited into the account the day before; the representative conducted an inquiry and confirmed that a check for $750 dollars had indeed been deposited into the account. Plaintiff believes that someone stole the $750 from his account after it had been deposited. On October 3, 2019, he filed a complaint with Chase about the theft. While filing his complaint, he informed a Chase representative that he had been arrested two days earlier, on October 1, 2019, and was incarcerated. The representative told Plaintiff that Chase would respond to his complaint within four to six weeks.[3]

On or about November 23, 2020, Plaintiff wrote to a Chase manager in Albany, New York, about the theft from his checking account, but the manager ignored him. Then, about two weeks later, Plaintiff wrote to Dimon, Chase's Chief Executive Officer, but Dimon also ignored him.

Plaintiff seeks $100,000 in damages for Dimon's "failure in the work at this of his employees lack of security at the branch banks has in control of lack of her concern about this matter as no written him asking for help to recover the money that was stolen from [Plaintiff]

---

[3] Plaintiff does not specify whether Chase ever responded to his initial complaint.

[sic]." (ECF 2, at 5.) "As a result of this identity theft, [Plaintiff] couldn't pay any of [his] bills [or] take care of [his] elderly mother as well [as] was deprived of [his] finances from the banking institution." (*Id.*)

## DISCUSSION

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented or, when a plaintiff asserts claims under state law under the Court's diversity jurisdiction, when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

"'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (noting "subject-matter delineations must be policed by the courts on their own initiative").

A.  **Federal-question jurisdiction**

To invoke federal-question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A matter arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal-question jurisdiction, without any facts demonstrating a federal-law claim, does not create federal-question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff has alleged no facts showing that his claims fall under the Court's federal-question jurisdiction. The Court will therefore examine whether the Court has diversity jurisdiction to consider Plaintiff's claims.

**B.    Diversity jurisdiction**

To establish the Court's diversity jurisdiction, a plaintiff must first show that he and the defendant are citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State.").

For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* And "[w]hen a prisoner is incarcerated in a state different from his previous domicile, there is a rebuttable presumption that the prisoner retains his pre-incarceration domicile rather than acquiring a new domicile." *Liverpool v. City of New York*, No. 20-CV-4629, 2020 WL 3972737, at *3 (S.D.N.Y. July 13, 2020).

There is a second component to diversity jurisdiction − the amount in controversy must be in excess of the sum or value of $75,000. *See* 28 U.S.C. § 1332(a). The sum claimed by a

4

plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a complaint for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Plaintiff fails to allege facts sufficient to invoke the Court's diversity jurisdiction. First, he fails to specify the citizenship of either party (himself or Dimon). Second, he fails to allege facts sufficient to suggest that his claims satisfy the jurisdictional amount-in-controversy requirement – an amount in excess of the sum or value of $75,000. Plaintiff seeks $100,000 in damages arising from the alleged theft of $750 from his Chase checking account, but he does not provide any facts to support that he is entitled to $100,000 in damages. Accordingly, because Plaintiff has not shown that the Court has diversity jurisdiction to consider this action, the Court dismisses this action for lack of subject-matter jurisdiction. *See* Fed. Riv. P. 12(h)(3).

**C.     Leave to amend**

Because Plaintiff is proceeding *pro se*, the Court grants him leave to file an amended complaint in which he clearly shows that the Court may exercise its subject-matter jurisdiction.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff 30 days' leave to file an amended complaint in which he alleges facts that clearly show that the Court may exercise its subject-matter jurisdiction to consider his claims. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action for lack of subject-matter jurisdiction. *See id.*

SO ORDERED.

Dated:  New York, New York
April 5, 2021

/s/ John G. Koeltl
JOHN G. KOELTL
United States District Judge